

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DONALD D. DANIELS,
Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
Defendant.

Case No. _____ 26-C-889

JURY TRIAL DEMANDED

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY 19 P 2: 07

CLERK OF COURT

## COMPLAINT

Plaintiff Donald D. Daniels, proceeding pro se, alleges as follows:

### I. NATURE OF THE ACTION

1. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

2. Plaintiff brings claims for disability discrimination, failure to accommodate, retaliation, interference with protected leave rights, and related damages arising from Defendant's handling of Plaintiff's medical restrictions, leave usage, workplace investigations, and employment opportunities.

3. Plaintiff seeks damages for lost wages, loss of benefits, denial of promotional opportunities, financial harm, emotional distress, and equitable relief.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction under:

- 28 U.S.C. § 1331;

- 42 U.S.C. § 12101 et seq. (ADA);

- 29 U.S.C. § 2601 et seq. (FMLA).

5. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this District, including at Racine Correctional Institution in Sturtevant, Wisconsin.

### III. PARTIES

6. Plaintiff Donald D. Daniels is a resident of Milwaukee County, Wisconsin.

7. Plaintiff is employed by the Wisconsin Department of Corrections as a Correctional Sergeant.

8. Defendant Wisconsin Department of Corrections ("DOC") is a Wisconsin state agency and an employer within the meaning of the ADA and FMLA.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff filed EEOC Charge No. 443-2025-02781 alleging disability discrimination, retaliation, and related violations.

10. On March 2, 2026, the Equal Employment Opportunity Commission issued a Notice of Right to Sue.

11. This action is timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Disability and Accommodation Requests

12. Plaintiff has a medical condition and related limitations constituting a disability under the ADA.

13. Beginning in or around November 2024, Plaintiff provided medical documentation to Defendant regarding work restrictions and accommodation needs.

14. Plaintiff requested reasonable accommodations, including restrictions relating to work hours and intermittent leave.

15. Plaintiff's medical provider cleared Plaintiff to work with restrictions and intermittent leave needs.

16. Defendant was aware of Plaintiff's medical condition, restrictions, and accommodation requests.

### B. Forced Removal From Work and LWOP

17. On or about May 14, 2025, Defendant informed Plaintiff that he would not be permitted to work pending review of medical restrictions.

18. Defendant placed Plaintiff on Leave Without Pay ("LWOP") while Defendant continued reviewing medical documentation.

19. At the time of removal, Plaintiff had provided medical documentation and had been medically cleared to work with restrictions.

20. Defendant controlled the review process while simultaneously forcing Plaintiff into unpaid status.

21. Defendant failed to complete the ADA interactive process before removing Plaintiff from work.

## C. Failure to Accommodate

22. Defendant failed to reasonably accommodate Plaintiff's disability.

23. Defendant failed to:

- allow Plaintiff to continue working with restrictions;

- timely implement accommodations;

- consistently administer intermittent leave;

- properly evaluate alternative accommodations;

- engage in the interactive process in good faith.

24. Defendant again removed Plaintiff from work in or around October 2025 despite updated medical documentation and ongoing accommodation requests.

25. Defendant did not identify objective medical evidence establishing that Plaintiff posed a direct threat or could not safely work with restrictions.

## D. Interference With Medical Treatment and Leave Administration

26. On or about November 20, 2025, Plaintiff requested brief relief from duty to attend a required medical appointment connected to Defendant's medical inquiry process.

27. Defendant initially denied the request based on internal attendance procedures.

28. Defendant later reversed course only after Plaintiff invoked ADA and FMLA protections.

29. Defendant repeatedly misclassified or inconsistently tracked protected leave.

30. Defendant later acknowledged the need for clarification regarding FMLA-protected absences and leave coding.

## E. Retaliatory Investigations

31. In July 2025, Defendant initiated an investigation relating to Plaintiff's leave usage and attendance.

32. Plaintiff had previously been advised by HR that certain leave usage and LWOP status were authorized or approved.

33. Defendant ultimately imposed no discipline arising from the investigation.

34. In February 2026, Defendant initiated another investigatory process regarding alleged attendance-related violations tied to dates occurring during 2025.

35. The second investigation occurred after Plaintiff filed his EEOC charge and after intermittent leave accommodations had been approved.

36. On March 10, 2026, Defendant issued a written determination concluding that no formal disciplinary action would be taken.

37. The repeated investigations, despite no resulting discipline, subjected Plaintiff to ongoing scrutiny, stress, and reputational harm.

## F. Insurance Loss and Payroll Harm

38. During the relevant period, Plaintiff experienced interruption or lapse of employer-sponsored insurance coverage.

39. Plaintiff was required to reapply for insurance coverage and incurred retroactive premium obligations and payroll deductions.

40. Plaintiff also experienced payroll recoupments, leave depletion, and additional financial strain connected to leave and payroll administration.

## G. Financial Harm

41. As a result of Defendant's actions, Plaintiff suffered significant financial hardship.

42. Plaintiff experienced lost wages, lost overtime opportunities, insurance-related expenses, payroll deductions, and mortgage-related financial distress.

43. Plaintiff received a mortgage foreclosure-related notice during the relevant period.

## H. Denial of Promotion

44. Plaintiff applied for a Supervising Officer 1 position in or around December 2025.

45. Plaintiff possessed substantial supervisory and correctional experience and was qualified for the position.

46. Defendant rejected Plaintiff for the position on December 23, 2025.

47. During the same timeframe, Defendant promoted another Correctional Sergeant with less overall tenure and experience.

48. The denial of promotion occurred while Plaintiff was engaged in protected ADA and FMLA activity and while Plaintiff remained under heightened scrutiny relating to leave and accommodations.

## VI. CAUSES OF ACTION

## COUNT I — ADA FAILURE TO ACCOMMODATE

49. Plaintiff incorporates the preceding paragraphs.

50. Defendant failed to reasonably accommodate Plaintiff's disability.

51. Defendant failed to engage in the ADA interactive process in good faith.

52. Defendant removed Plaintiff from work despite medical documentation supporting work with restrictions.

## COUNT II — ADA RETALIATION

53. Plaintiff engaged in protected activity by requesting accommodations, utilizing protected leave, and filing an EEOC charge.

54. Defendant retaliated against Plaintiff by:

- removing Plaintiff from work;
- forcing Plaintiff into LWOP;
- initiating repeated investigations;
- increasing scrutiny regarding leave usage;
- denying promotion opportunities;
- contributing to insurance and payroll disruptions.

## COUNT III — FMLA INTERFERENCE

55. Plaintiff incorporates the preceding paragraphs.

56. Defendant interfered with Plaintiff's exercise of FMLA rights by:

- improperly handling leave administration;
- discouraging or obstructing leave usage;
- misclassifying protected absences;

- restricting Plaintiff's ability to work based on leave exhaustion while accommodations remained pending.

## COUNT IV — FMLA RETALIATION

57. Plaintiff engaged in protected activity under the FMLA.

58. Defendant retaliated against Plaintiff for exercising or attempting to exercise FMLA rights.

59. Defendant's retaliatory actions included investigations, scrutiny, leave-related actions, and adverse employment consequences.

## COUNT V — ADA DISCRIMINATION

60. Plaintiff incorporates the preceding paragraphs.

61. Defendant treated Plaintiff less favorably because of disability and related medical restrictions.

62. Defendant's actions adversely impacted Plaintiff's compensation, benefits, employment status, and promotional opportunities.

## VII. DAMAGES

63. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

- lost wages;
- lost overtime;
- loss of insurance coverage;
- payroll deductions and leave depletion;
- out-of-pocket expenses;
- emotional distress;
- financial hardship;
- damage to professional reputation;
- loss of promotional opportunity.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;

B. Award back pay and lost wages;

C. Award compensation for lost benefits and insurance-related losses;

D. Award compensatory damages permitted by law;

E. Award liquidated damages under the FMLA;

F. Award front pay, reinstatement, or other equitable relief deemed appropriate;

G. Order correction of employment and leave-related records where appropriate;

H. Award costs and any attorney's fees permitted by law;

I. Grant such further relief as the Court deems just and proper.

---

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully submitted,

Donald D. Daniels
Plaintiff, Pro Se
PO Box 90012
Milwaukee, WI 53209
Phone: (414) 208-1717
Email: Donsteed990gmail.com

Date: 5/18/26